*1371 OPINION.
Lansdon:
The petitioner contends that in all cases in which it 'undertakes to maintain and repair a roof which it has constructed there are two contracts, one setting forth the terms, conditions and *1372 payments for construction of the roof, and another and separate agreement providing for maintenance for a period of 10 years. Its position in this proceeding is that the maintenance agreement is a longtime contract upon which it is impossible to compute gain or loss in advance of the final completion of the work undertaken. The oral testimony is to the effect that such separate contracts are made; that the who,le amount of the compensation for repairs on each separate project is paid in advance and credited to maintenance when so paid; that the costs of maintenance under such contracts are charged against such credits as of the years in which the several advance payments are received; and that the gain or loss resulting from each contract for maintenance can be determined only at the end of 10 years, when the sum of all the credits for a single year can be compared with the sum of all the debits charged against that year.
The so-called maintenance contract was introduced in evidence and is set forth in full in our findings of fact, above. There is nothing in the agreement that indicates that for an amount of money in addition to the compensation for construction the petitioner undertakes to maintain a roof for ten years or for any other period. On the contrary, the agreement recites that this guarantee is “in consideration of full and complete payment in accordance with terms of contract.” The contract so referred to obviously means the construction contract. Whatever expenses are incurred for maintenance are paid not from a separate fund received under the terms of the maintenance agreement, but from the amount received for construction. The credits to the maintenance fund do not evidence separate payments for maintenance, but rather are segregations from amounts received for construction. Such credits, we believe, were precisely what the petitioner in his income tax returns called them, viz., reserves for maintenance.
The procedure and accounting of the petitioner creates a reserve for contingent liabilities. We have held that such reserves are not a proper deduction from gross income for income-tax purposes. Uvalde Co., 1 B. T. A. 932.

Decision will be entered for the respondent.